IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jace Benjamin Cameron, ) | C/A No.: 3:12-cv-846-JFA |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER ON TRIAL CONDUCT |
| ) | |
| Camden Military Academy; Eric ) | |
| Boland, individually and as an ) | |
| employee of Camden Military ) | |
| Academy; C.H. Armstrong, individually ) | |
| and as an employee of Camden ) | |
| Military Academy; Vertis Wilder, ) | |
| individually and as an employee of ) | |
| Camden Military Academy; Denise ) | |
| Miles, individually and as an employee ) | |
| of Camden Military Academy; John ) | |
| Richard, individually and as an ) | |
| employee of Camden Military Academy, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

  This case has been calendared for trial beginning on Monday, June 10, 2013. In order to try this case in a fair, but expeditious manner, the court hereby establishes the following procedures that must be adhered to by all counsel during the trial of this case:

  1. Opening statements shall be limited to 25 minutes per side. Opening statements shall consist of an oral presentation only; exhibits and documents may not be displayed to the jury during opening statements. Opening statements must not be argumentative. Counsel are reminded that Rule 83.VI.01 of the Local Rules for the District of South Carolina provide, in pertinent part, that "counsel for any party may summarize their pleadings to the

1

jury or make a statement to the jury of the ultimate facts alleged in the pleadings and their theory of the case, but counsel shall not argue the case during the opening statement."

2. In view of the complexity of the issues in this case and the expected length of trial, counsel must make an earnest effort to stipulate all non-disputed facts that need to be presented to the jury in this case.

3. Court will generally run from 9:30 a.m. until approximately 5:15 p.m. each day. Counsel should be aware that it will not be possible to conduct the trial on Friday, June 21, 2013 because of two events that have been scheduled and cannot be rearranged (a pretrial conference in a complex criminal case that is to be tried following the trial in this case and a judges' meeting scheduled by the Chief Judge).

4. In regard to the conduct of the trial, the following paragraphs address issues that are frequently raised by lawyers:

- Counsel do not need to ask the court's permission to approach a witness.

- Pursuant to the Local Rules of this District, a witness is excused from his or her subpoena when he or she steps down from the witness stand. It is not necessary for counsel to request that the witness be excused from the subpoena. If, however, counsel wishes that the witness <u>remain</u> for possible recall, counsel must so request when the witness steps down.

- Redirect examination will be limited to responding to <u>new matter</u> brought out on cross-examination. The fact that your opponent touched on a subject on cross-examination does not mean that you may go into it on redirect, if you also touched on that same subject matter on direct. In that case, it is not "new matter." For authority to so limit the scope of redirect examination, see Fed. R. Evid. 611(a) and (b); WEINSTEIN'S FEDERAL EVIDENCE § 611.03[5]; John H. Wigmore, Evidence in Trials at Common Law, § 1896.

- Counsel shall ensure that a sufficient number of witnesses are present each day so that the court is not required to adjourn early for lack of available witnesses.

- Although sidebar conferences are sometimes unavoidable, counsel should make every effort to bring up matters that should be heard outside of the jury's presence during a recess, over the lunch break, or after court has adjourned for the day.

- If either party requests the sequestration of witnesses, the court will enforce the Rule (Fed. R. Evid. 615). Counsel must, however, assist the court in enforcing this Rule because this court has no way of identifying witnesses when they walk in the back door of the courtroom.

- The court will enforce the "one lawyer per issue" rule during trial. In other words, only one attorney may speak on any issue being debated, and only counsel who will handle the direct (or cross) of a witness may object (or respond to the objection) regarding that witness's testimony.

IT IS SO ORDERED.

May 22, 2013                                      Joseph F. Anderson, Jr.
Columbia, South Carolina                          United States District Judge