IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Jace Benjamin Cameron, )<br>                                    )<br>            Plaintiff, )<br>                                    )<br>vs.                              )<br>                                    )<br>Camden Military Academy; Eric Boland, )<br>individually and as an employee of Camden )<br>Military Academy; C.H. Armstrong, )<br>individually and as an employee of Camden )<br>Military Academy; Vertis Wilder, )<br>individually and as an employee of )<br>Camden Military Academy; )<br>                                    )<br>            Defendants. )<br>_____) | C/A No.: **3:12-cv-846-JFA**<br><br><br><br>**ORDER ON MOTIONS TO SEAL** |

      The court hereby denies all of Defendants' Motions to Seal (ECF Nos. 144, 148, and 162). The Fourth Circuit has recognized that a "trial court has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests." *In re Knight Publ'g Co.*, 743 F.2d 231, 235 (1984). Defendants have failed to demonstrate to this court that sealing Plaintiff's Response to the Summary Judgment Motion, Defendants' Reply to the Summary Judgment Motion, and Defendants' various motions in limine in their entirety is appropriate in this case. The court does find, however, that some information and some documents comprising these filings should be filed under seal as set forth in Plaintiff's memoranda in opposition to the motions to seal—these items to be sealed include names of former cadets (except Plaintiff and Derek Tappin), depositions of former cadets (excluding Plaintiff and Tappin), documents marked "Confidential" during discovery, juvenile criminal records, and confidential settlement documents. The court notes that much of the conduct alleged by Plaintiff and asserted in Plaintiff's brief is sharply disputed by Defendants.

Additionally, Defendants contend that much of the misconduct alleged by Plaintiff (even if it did occur) was never reported to any Defendant.

    IT IS SO ORDERED.

*[signature: Joseph F. Anderson, Jr.]*

June 3, 2013                      Joseph F. Anderson, Jr.
Columbia, South Carolina        United States District Judge