IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Jace Benjamin Cameron, | ) | C/A No.: 3:12-cv-846-JFA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER ON BILL OF COSTS |
| | ) | |
| Camden Military Academy; Eric Boland, individually and as an employee of Camden Military Academy; C.H. Armstrong, individually and as an employee of Camden Military Academy; Vertis Wilder, individually and as an employee of Camden Military Academy; | ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

Defendants, the prevailing parties in this case, have moved for costs. Plaintiff has opposed the motion and defendants have replied. Before ruling upon the motion, the court desires to receive additional input from the defendants.

By far the biggest component of the costs requested are fees for court reporters for preparing transcripts of depositions taken in the case. Local Civil Rule 54.03(c) provides that a prevailing party may recover "fees of court reporter for all or any part of the transcript necessarily obtained for use in the case." This court has always construed this provision to provide for the taxing of costs for depositions actually *used*, i.e., published to the jury or used for impeachment, at the trial. In other words, this court has previously rejected the contention that *all* depositions are "necessary" for use at trial because they *may* be used at trial.

1

In this case, the court has chosen to follow its standard practice of allowing reimbursements only for depositions actually used during the trial. For this reasons, defendants are requested to resubmit the cost application, including only the depositions that were actually used at trial. For those witnesses for whom the entire deposition testimony was read, the full cost of the deposition is appropriate. For those depositions where only certain lines or certain paragraphs were used for impeachment, counsel should pro rate the costs by comparing the pages to lines actually used to the total of the entire deposition.

Secondly, counsel, in its resubmission, should delete entries for extra charges for expedited transcripts as well as the use of a remote site for videotaping.

The court rejects the plaintiff's argument that costs are not appropriate because the insurance company for the defendants is the party ultimately responsible for costs. This is true in many situations, and the rule regarding costs makes no allowance for treating litigants who are insured differently from those who are not insured.

As soon as the court receives the new submission from the defendants, the court will issue its order fixing the costs to be taxed against the plaintiff.

IT IS SO ORDERED.

August 21, 2013                                    Joseph F. Anderson, Jr.
Columbia, South Carolina                           United States District Judge